# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. WEST,<br><br>  Plaintiff,<br><br>  v.<br><br>YATES, et. al.,<br><br>  Defendants.<br>_____/ | CV F   07 231 LJO  SMS P<br><br>ORDER DENYING PLAINTIFF'S "MOTION TO APPOINT CO-PLAINTIFF."  (Doc. 6.) |

    John E. Yates ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on February 12, 2007.  On February 26, 2007, Plaintiff filed a pleading titled "Motion Seeking Appointment of Co-Plaintiff."  Plaintiff asks that the Court allow him to include David Crocker as a Plaintiff in the instant action because he is being deprived of the same rights and conditions as Plaintiff.

    Rule 21 of the Federal Rules of Civil Procedure provides that "parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "any claim against a party may be severed and proceeded with separately."  Courts have broad discretion regarding severance.  See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

    In this action, Plaintiff is requesting that the Court allow him and another inmate to litigate their constitutional violations in the same action.  While both inmates are currently incarcerated at the same institution, there is no assurance that they will be confined at the same

1

institution during the course of these proceedings.  Further, it is this Court's experience that an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals.  In this case, the need for the Plaintiffs to agree on all filings made in this action and the need for all filings to contain the original signatures of all plaintiff's will lead to delay and confusion.

It is also well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).

Accordingly, the Court HEREBY ORDERS:

1. Plaintiff's Motion to add Mr. Crocker as a plaintiff in this action is DENIED.

Should Mr. Crocker wish to pursue his civil rights violations, he must file his own action separately.

IT IS SO ORDERED.

**Dated:   March 7, 2007**             /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE