# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIL JOHN E. WEST, | CASE NO. 1:07-cv-00231-LJO-SKO PC |
|     Plaintiff, | ORDER TO DISMISS COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
|     v. | (Doc. 12) |
| JAMES A. YATES, et al., | |
|     Defendants. | |

Plaintiff Lil John E. West ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Salinas Valley State Prison. However, the events described in Plaintiff's complaint took place while he was incarcerated at Pleasant Valley State Prison ("PVSP"). Plaintiff is suing under Section 1983 for the violation of his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff names Warden James A. Yates, Correctional Officers Lane, Aguilar, and McGirt, Sergeants Fouch, Ponder, and Flores, and other Correctional Officers as defendants. For the reasons set forth below, Plaintiff's complaint is dismissed with leave to amend within thirty (30) days.

**I.**     **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
4  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

**A.    Procedural Background**

Plaintiff filed the original complaint in this action on February 12, 2007. (Doc. #1.) On January 29, 2009, the Court screened Plaintiff's original complaint. (Doc. #11.) Plaintiff's original complaint was dismissed for failing to state any claims and Plaintiff was given leave to file an amended complaint. Plaintiff filed his amended complaint on March 17, 2009. (Doc. 12). This action proceeds on Plaintiff's amended complaint.

**B.    Factual Background**

Plaintiff's amended complaint appears to be a direct response to the Court's January 29, 2009 screening order. Plaintiff makes few factual allegations in his amended complaint; rather, Plaintiff

1  predominantly attempts to supplement his prior dismissed complaint with clarifications as to its
2  deficiencies. Plaintiff's "Statement of Claim" is a brief explanation that:

> he can link through chain of command, and those "walk through" (illegible) sign in sheets–to show that times–dates, etc. are & were logged and during that time frame–that had to call in–to A.O.D.T. warden's off–to clear & show that they had to report to their supervisors–and thus their supervisors could have stopped–the deliberate indifference . . . .

(Am. Compl. 3.) Plaintiff's amended complaint appears to be an explanation to the Court that he can "link" specific correctional officers to the alleged deliberate indifference if Plaintiff is given access to the sign-in sheets that reflect which officers were on duty on the dates that Plaintiff's rights were allegedly violated.

Insofar as Plaintiff does provide facts for a claim, Plaintiff alleges that he and Plaintiff's cell mate, Thomas Canup ("Canup") were injured and Defendants allowed infection to set in. Plaintiff further alleges that their skin and/or stitches were removed and that they were left naked in a freezing jail cell for three weeks. Plaintiff complains that he was unable to obtain medical treatment for his injuries.

### III.  Discussion

#### A.  Amended Complaint

Plaintiff's amended complaint appears to supplement and explain deficiencies in a prior, original complaint. Plaintiff explains he cannot obtain "the CO6s/Rosters/Sign-in sheets - if subpeaned [sic] - will back all this up, and clearly show/establish the daily link in chain of command, as to their participation by allowing it to happen; not adequately acting in their supervisory positions, and stopping this atrocity." (Compl. ¶ 2.) Plaintiff claims that he needs the rosters "to show that times-dates, etc. were logged ... to clearly show that they had to report to their supervisors." (Compl. ¶ 1.) Among other things, the Court's January 29, 2009 screening order dismissed Plaintiff's original complaint because Plaintiff failed to link any actions of the Defendants to any alleged deprivation suffered by Plaintiff. (Order Dismissing Compl. With Leave to Amend Compl. Within Thirty Days 4:9-5:2.)

///

1  Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only
2 obligated to provide "a short and plain statement of [his] claim;" Plaintiff is not obligated to prove
3 the allegations in his complaint at his stage. The Court will accept the factual allegations in
4 Plaintiff's complaint as true. *See* discussion, supra, Part I. There is no need to provide "time sheets"
5 or other evidence at this stage.

6  In the screening order dismissing Plaintiff's original complaint, Plaintiff was advised that an
7 amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474
8 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself
9 without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff was warned that
10 "[a]ll causes of action alleged in an original complaint which are not alleged in an amended
11 complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d
12 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that
13 were properly stated in the original complaint must be completely stated again in the amended
14 complaint. Plaintiff makes few factual allegations in his amended complaint and instead explains
15 to the Court that he is unable to obtain the sign-in sheets. Plaintiff provides a brief summary of the
16 events giving rise to his Section 1983 action. The Court will consider these facts in determining the
17 sufficiency of Plaintiff's claims.

18  **B.  Linkage Requirement**

19  The Civil Rights Act under which this action was filed states: Every person who, under color
20 of [state law] ... subjects, or causes to be subjected, any citizen of the United State ... to the
21 deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to
22 the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C.
23 § 1983. The statute plainly requires that there be an actual connection or link between the actions
24 of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See* Monell v.
25 Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

26  To establish a prima facie case under Section 1983, Plaintiff must demonstrate proof that (1)
27 the action occurred "under color of law" and (2) the action resulted in a deprivation of a
28 constitutional right or federal statutory right. McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000).

A person deprives another of a constitutional right, within the meaning of Section 1983, if that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which the complaint is made. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Sanders v. City & County of San Francisco, 226 Fed. Appx. 687, 691 (9th Cir. 2007) (quoting Johnson at 743-44).

Plaintiff fails to identify what each individual Defendant did that resulted in Plaintiff's failure to receive medical treatment. Plaintiff identifies the Defendants he is attempting to sue, but fails to provide any explanation as to why each individual Defendant should be held liable for Plaintiff's injuries. If Plaintiff wishes to pursue a claim against any defendant, Plaintiff must link each named defendant with some act or omission. Plaintiff's current factual allegations fail to explain how each individual Defendant was responsible for Plaintiff's injuries.

**C.    Plaintiff's Eighth Amendment Claims**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). Further, the Eighth Amendment protects the "physical, dental, and mental health" of inmates. Hoptowit v. Ray, 682 F.2d 1237, 1253 (9thCir. 1982). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison

5

official acts with "deliberate indifference" to inmate health or safety. (Id., quoting Wilson, 501 U.S. at 302-303.) Deliberate indifference to a prisoner's serious illness or injury creates a cause of action under §1983. Estelle v. Gamble, 429 U.S. 97, 105 (1976). The delay of, or interference with medical treatment can amount to deliberate indifference. *See* Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). However, where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See* Hallett, 296 F.3d at 745-46; Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

The allegations set forth by Plaintiff are insufficient to support a claim for violation of the Eighth Amendment. Plaintiff has not linked any of Defendants to the factual allegations in Plaintiff's complaint. *See* discussion supra Part III.B. Plaintiff fails to allege how each individual Defendant was responsible for failing to provide Plaintiff with medical treatment. Plaintiff cannot simply sue every correctional officer who happened to be working the day Plaintiff suffered injury. Plaintiff must explain how each individual Defendant knew: 1) that Plaintiff had a serious need for medical treatment, and 2) that his or her failure to act would cause further injury to Plaintiff. The Court will provide Plaintiff with the opportunity to allege more specific facts and file a second amended complaint.

### D. **Plaintiff's Remaining Claims**

Plaintiff attempts to raise claims for the violation of his rights under the Fourth, Sixth, and Fourteenth Amendments.

Plaintiff fails to raise a claim that adequately supports a violation of Plaintiff's Fourth Amendment rights. Prisoners, despite their conviction and confinement, do not forfeit all constitutional rights. Bell v. Wolfish, 441 U.S. 520, 545 (1979). Nevertheless, prisoners' constitutional rights are subject to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Bell v. Wolfish, 441 U.S. at 546-47. The Ninth Circuit has

1  held that the Fourth Amendment right of people to be secure against unreasonable searches and
2  seizures "extends to incarcerated prisoners; however, the reasonableness of a particular search is
3  determined by reference to the prison context." Thompson v. Souza, 111 F.3d 694, 699 (9th Cir.
4  1997), *citing*, Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir.1988).  Prison officials must
5  present evidence that a search served a legitimate penological interest.  *See* Walker v. Sumner, 917
6  F.2d 382, 285 (9th Cir. 1990).  Plaintiff's factual allegations make no reference to an unlawful search
7  or a seizure of property.

8     Plaintiff also fails to adequately support a claim for the violation of his Sixth Amendment
9  rights.  Plaintiff does not specify his reasons for raising a claim under the Sixth Amendment; the
10 Court assumes Plaintiff is seeking to invoke the Confrontation Clause in order to secure the
11 aforementioned "time sheets."  *See* discussion supra Part III.A.  The Sixth Amendment states: "In
12 all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses
13 against him; to have compulsory process for obtaining witnesses in his favor...." U.S. Const. amend
14 VI.  The Sixth Amendment pertains to criminal prosecutions.  Plaintiff makes no allegations about
15 any criminal prosecutions; thus, Plaintiff's claim does not state a claim under the Sixth Amendment.

16    Plaintiff fails to raise a claim that adequately supports a violation of Plaintiff's Fourteenth
17 Amendment rights.  It is unclear under which clause Plaintiff raises a Fourteenth Amendment claim.
18 To the extent that Plaintiff is asserting a violation of the Due Process Clause, "[w]here a particular
19 amendment provides an explicit textual source of constitutional protection against a particular sort
20 of governmental behavior, that Amendment, not the more generalized notion of substantive due
21 process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874
22 (9th Cir. 1996) (citations, internal quotations, and brackets omitted).  The concept of due process
23 under the Fourteenth Amendment is broad and wide-ranging.  The Eighth Amendment provides a
24 more explicit textual source of constitutional protection for Plaintiff's medical care claims.
25 Accordingly, Plaintiff's due process claims, if any, will be analyzed under the Eighth Amendment.
26 *See* discussion infra Part III.C.

27    If Plaintiff is attempting to establish a violation of the Equal Protection Clause under the
28 Fourteenth Amendment, he must present evidence of discriminatory intent.  *See* Washington v.

Davis, 426 U.S. 229, 239-40 (1976); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Plaintiff's complaint makes no factual allegations of racial, religious, or other class-based discrimination. Nor does Plaintiff claim any facts regarding Defendants' intent to discriminate.

### IV. Conclusion and Order

The Court finds that Plaintiff's amended complaint fails to state a claim upon which relief can be granted under Section 1983. Although Plaintiff may be able to state a claim for the violation of his rights under the Eighth Amendment, Plaintiff fails to identify what Defendants did that resulted in the violation of Plaintiff's Eighth Amendment rights. Plaintiff's complaint also fails to state any claims for the violation of his rights under the Fourth, Sixth, or Fourteenth Amendments.

Plaintiff's complaint is dismissed, with leave to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff decides to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is reminded that an amended complaint supercedes the original complaint, Forsyth, 114 F.3d at 1474; King, 814 F.2d at 567, and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London, 644 F.2d at 814); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failing to state any claims upon which relief might be granted;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff shall be given leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   June 28, 2010**                            /s/ Sheila K. Oberto
                                                     UNITED STATES MAGISTRATE JUDGE