# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIL JOHN E. WEST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:07-cv-00231-LJO-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 16)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**I.     Background**

Plaintiff Lil John E. West ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Salinas Valley State Prison. The incidents described in the complaint occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP").

The complaint in this action was filed on February 12, 2007. (Doc. 1.) On January 29, 2009, an order was issued dismissing the complaint with leave to amend. (Doc. 11.) A first amended complaint was filed on March 17, 2009. (Doc. 12.) An order dismissing the complaint with leave to amend for failure to state a claim was issued on June 28, 2010. (Doc. 15.) Currently before the Court is Plaintiff's second amended complaint, filed July 21, 2010. (Doc. 16.) Plaintiff names Defendants Warden James A. Yates, Correctional Officers Lane, Aguilar, and McGirt, Sergeants Fouch, Ponder, and Flores, and custody and medical staff. (Doc. 16, § III.)

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). Under section 1983, the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

## III. Complaint Allegations

Plaintiff again states that he can "show the chain of connection and chain of command" if he is given access to the sign-in sheets to show when officers were on duty and requests the production of documents. (Doc. 16, § IV, p. 4.)

Plaintiff alleges that after he and his cell mate were injured in a fight in the segregated housing unit yard, his stitches burst and he was unable to stop the bleeding for several hours. By the time he was provided with medical care, eight days later, he had developed a severe infection. To treat the infection he was given an injection and the infected area was scrapped.[1] (Id.) Plaintiff alleges that policy mandates that Defendants "inform the sergeant and lieutenant of any severe and

---

[1] The complaint alleges injuries suffered by Plaintiff's cell mate and, for the first time, includes two signatures. Courts have discretion in joinder of parties. Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1376 (9th Cir. 1980). To the extent that Plaintiff is now attempting to include his cell mate as co-plaintiff, the Court declines to join an additional party at this stage of the litigation.

or major problem when it is custodial or medical." (Id., p. 4.) The lieutenant has to then inform the captain and assigned officer of the day. (Id.) Defendants Flores and Fouch came in twice per shift. Plaintiff also alleges he was confined in a freezing cell with no bedding or underwear for three days and allowed no bedding for an additional seven days.[2] (Id., § IV.)

Plaintiff brings suit seeking an injunction for permanent soft soled boots and orthopedic tennis shoes, punishment of the correctional officers, transfer to a different prison,[3] and monetary damages. For the reasons discussed below, Plaintiff's complaint is dismissed with prejudice for failure to state a cognizable claim.

## IV.   Legal Standard

### A.   Eighth Amendment Conditions of Confinement

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)(citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk.." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

### B.   Eighth Amendment Medical Care

[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

---

[2] The Court notes that the claims in this action are sufficiently similar to 1:06-cv-00627-SRB to involve the same event. However, since no dates are alleged in the complaint the Court will assume without deciding that these are separate incidents.

[3] Plaintiff's request for a transfer is moot as he is now housed at Salinas Valley State Prison.

3

must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

**V.  Discussion**

Assuming without deciding that Plaintiff has stated a sufficiently serious deprivation, his allegations are insufficient to show that any Defendant was made aware of Plaintiff's complaints that he did not have underwear or bedding, that his cell was cold, or that he required medical care. Farmer, 511 U.S. at 837. That Defendants Flores and Fouch came in twice per shift fails to establish that they had knowledge of a serious need or were responsible for the failure to provide Plaintiff with either medical treatment or heat and bedding. (Doc. 11, p. 6; Doc. 15, p. 5, 6.) Nor is the allegation that there is a policy requiring Defendants to notify the sergeant or lieutenant of any major or serious medical or custodial problems sufficient to link any named defendant to a purposeful failure to act in response to knowledge of a serious need. Thomas, 611 F.3d at 1150.

In the prior orders issued January 29, 2009 and June 28, 2010, Plaintiff was informed of the legal standard and the requirement that each named defendant must be linked to an act or failure to act that violates Plaintiff's rights. (Docs. 11, 15.) Despite being granted leave to amend the complaint twice, Plaintiff has still failed to comply with the prior orders to link any named defendant to any specific act or omission to act that would state a cognizable claim.

///

VI. **Conclusion and Recommendations**

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under section 1983 against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez, 203 F.3d at 1130 (internal citations omitted). However, in this action Plaintiff has been granted two opportunities to amend the complaint, each time with guidance by the Court. Plaintiff has now filed three complaints without alleging facts against any of the defendants which state a claim under section 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 13, 2010

UNITED STATES MAGISTRATE JUDGE